IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RANDY EDWARDS and PATRICIA BARNES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:13-cv-568 |
| DARRELL ALLISON, HOUSTON COUNTY, TENNESSEE, LISA KENT, individually and d/b/a THE FLOOD ZONE RESTAURANT, | ) ) ) ) ) | JUDGE TRAUGER

JURY DEMAND |
| Defendants. | ) ) | |

**P~~ROPOSED~~ INITIAL CASE MANAGEMENT ORDER**

Come now the parties, through counsel, and file this Proposed Case Management Order. Pursuant to Local Rule 16.01, the following Initial Case Management Plan is adopted.

1.  <u>Jurisdiction and Venue</u>

This Court has jurisdiction of plaintiff's claims under 28 U.S.C. §1331. Jurisdiction and venue are not disputed.

2.  <u>Theories of the Case</u>

    A.  *Plaintiff's Theory of the Case*

This is an action for damages and equitable relief brought under the Driver's Privacy Protection Act, 18 U.S.C. §§2721 *et seq.* ("DPPA").

On October 27, 2012, Plaintiff Patricia Barnes ("Barnes") stopped at

the Flood Zone Restaurant in Erin, Tennessee and while there, she used the restroom. After Barnes left, defendant Lisa Kent, the restaurant's owner, contacted defendant Darrell Allison, the Sheriff of Houston County, and asked defendant Allison to "run" the license plate of the car Barnes was driving in to obtain Barnes's name and address so she could send a bill for $5 to Barnes for using the restroom without purchasing food. Allison did so and he provided defendant Kent with plaintiff Edwards's name and address, which Allison had obtained using the license plate information given him by Kent.

The information obtained by defendant Allison and provided by him to defendant Kent was "personal information" from a "motor vehicle record" as those terms are defined in the Driver's Privacy Protection Act, 18 U.S.C. §2725(1) and (3). Kent and Allison's actions constitute knowingly obtaining and/or disclosing plaintiffs' personal information from a motor vehicle record for a purpose not permitted under the DPPA, 18 U.S.C. §2721(b), making Kent and Allison liable to plaintiffs under 18 U.S.C. §2724(a). Defendant Houston County, Tennessee is vicariously liable to plaintiffs for Allison's unlawful acts, and defendant the Flood Zone Restaurant is vicariously liable to plaintiffs for Kent's unlawful acts.

B. *Theory of the Case of defendant Lisa Kent, Individually and d/b/a The Flood Zone Restaurant*

Plaintiffs' case rests on the premise that their home address was not

2

publicly available, but this premise is flawed because their home address *was* publicly available on the Internet (at least on YellowPages.com, if not additional sites). They claim to have suffered damages, including emotional distress, but this is undermined by the fact that *they* took the story to the press, only exacerbating and undermining any claim of damages. Plaintiffs have sued Defendants for an alleged technical violation of the Driver's Privacy Protection Act ("DPPA"), codified at 18 U.S.C. §§ 2721 *et seq*. But this law provides multiple exceptions for private parties, including using license plates to aid in service of process and investigations in anticipation of litigation. Ms. Kent's request for Plaintiffs' address was for a permissible use under the DPPA. More importantly, Plaintiffs' address was already publicly available. Plaintiffs cannot establish liability; even if they were able to, they will not be able to establish actual damages. If Ms. Kent is the prevailing party, she intends to seek her attorneys' fees under the DPPA.

  C. *Theory of the Case of defendants Allison and Houston County, Tennessee*

Defendants Houston County, Tennessee and Darrell Allison submit this theory of the case based upon Plaintiffs' original Complaint as filed on June 13, 2013.

Defendant Houston County, Tennessee denies that any cause of action exists against it pursuant to the Driver's Privacy Protection Act, 18 U.S.C.A. 2724, *et seq*., or that it is vicariously liable for any alleged acts of Defendant

3

Darrell Allison. The Driver's Privacy Protection Act permits the release and use of certain personal information from State motor vehicle records "for use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." 18 U.S.C.S. §2721. Defendants assert that at all times relevant to this matter, Defendant Darrell Allison was a law enforcement agent carrying out a law enforcement function when he provided Ms. Kent with publicly available information pursuant to a permissible use under the DPPA. Defendants deny that they have violated the privacy rights of the Plaintiffs as alleged and deny that Plaintiffs have suffered any harm as a result of the legitimate accessing of motor vehicle records.

3.  Identification of the Issues

The issues of jurisdiction and venue have been resolved. Service of process is not disputed. The issues of liability and damages remain for resolution before the Court and/or jury.

4.  Status of Response Pleadings and Service of Process

Plaintiffs filed their complaint on June 13, 2013. Proper service was made on all defendants. Defendants Allison and Houston County filed their answer on August 5, 2013 and defendant Kent individually and d/b/a The Flood Zone Restaurant filed her Answer on August 19, 2013.

5.  Need for Other Claims or Special Issues under Rules 13-15 and 17-21 and Federal Rule of Civil Procedure 23

4

None.

6. Mandatory Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties are prepared to exchange their mandatory initial disclosures on or before November 1, 2013.

7. Discovery

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

All fact discovery shall be completed by March 14, 2014. All discovery related motions shall be filed no later than March 21, 2014.

Plaintiffs shall reveal any expert witnesses they intend to use at trial, including reports required pursuant to Fed. R. Civ. P. 26, on or before February 3, 2014. Defendants shall make their responsive disclosures, if any, on or before March 3, 2014.

All expert witness depositions shall be completed by April 4, 2014.

8. Joint Mediation Report

The parties shall file a Joint Mediation Report on or before January 10, 2014. ~~2013~~. If, at any time, the parties believe that a judicial settlement conference

5

would be productive, they may file a motion seeking the setting of a judicial settlement conference.

9. Dispositive Motions

Any dispositive motions shall be filed by April 16, 2014. Responses to dispositive motions shall be filed within twenty-eight (28) days after service. Optional replies shall be filed within ten (10) days after service of the response. Dispositive motion briefs and responses shall not exceed twenty (20) pages; replies shall not exceed ten (10) pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.

10. Other Deadlines

Any motions to amend and/or to add additional parties shall be made by December 2, 2013.

11. Target Trial Date

All parties have requested a jury trial. Trial is expected to take 2 days, and the parties request a target trial date of September 9, 2014 or as soon thereafter, as the Court's schedule permits.

12. Other Issues and Matters

*Electronic discovery.* The parties have agreed to retain and preserve all potentially relevant electronic discovery and that ESI be produced either

on disc or in hard copy, whichever is preferred. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

All other issues and matters will be taken up as they arise.

The parties' statements of their theories and the issues of the case shall not be deemed a waiver of any defense or claim that further investigation into the facts of this claim may reveal.

It is so **ORDERED:**

Entered  10/9/13

_____
Honorable Aleta Trauger
United States District Judge

**APPROVED FOR ENTRY:**

_(signature: Wade B. Cowan)_
_____
Wade B. Cowan, (S.C. #9403)
150 Second Avenue North, Suite 225
Nashville, TN 37201
(615) 256-8125 phone
(615) 242-7853 fax
wcowan@dhhrplc.com
*Attorney for Plaintiff*


/s/ Kathryn W. Olita
_____
Dan L. Nolan (S.C. #003070)
Mark Nolan (S.C. #15859)
Kathryn W. Olita (S.C. #23075)
Batson, Nolan
121 S. Third Street
Clarksville, Tennessee 37040
(931) 647-1501
*Attorneys for defendants Darrell Allison and Houston County, Tennessee*


/s/ Stephen J. Zralek
_____
Edward M. Yarbrough (S.C. #4097)
Stephen J. Zralek (S.C. #18971)
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300
eyarbrough@bonelaw.com
szralek@bonelaw.com
*Attorneys for defendant Lisa Kent, individually and d/b/a The Flood Zone Restaurant*